1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERNEST LEE COX, Jr.,                         No.  2:20-cv-1295 DB P

12                    Plaintiff,

13        v.                                       ORDER

14   VASUKI DARAM, et al.,

15                    Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18   1983.  Before the court are plaintiff's motion to proceed in forma pauperis, plaintiff's complaint

19   for screening, plaintiff's renewed motion for a temporary restraining order, and plaintiff's request

20   for the appointment of counsel.  For the reasons set forth below, this court grants plaintiff's

21   motion to proceed in forma pauperis, finds plaintiff has stated a cognizable Eighth Amendment

22   claim against all defendants, and gives plaintiff the choice of either proceeding on his cognizable

23   Eighth Amendment claim or amending his complaint to attempt to state additional claims.  This

24   court addresses plaintiff's motions for a temporary restraining order and for the appointment of

25   counsel by separate order.

26                                **IN FORMA PAUPERIS**

27        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

28   Accordingly, the request to proceed in forma pauperis will be granted.

1   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

2   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

3   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

4   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

5   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

6   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

7   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

8   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

9   1915(b)(2).

**SCREENING**

**I. Legal Standards for Civil Rights Complaints**

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke

v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal

Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

////

2

1    However, in order to survive dismissal for failure to state a claim a complaint must contain

2    more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

3    allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550

4    U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

5    allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

6    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

7    doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8    The Civil Rights Act under which this action was filed provides as follows:

9
        Every person who, under color of [state law] . . . subjects, or causes
10      to be subjected, any citizen of the United States . . . to the deprivation
        of any rights, privileges, or immunities secured by the Constitution .
11      . . shall be liable to the party injured in an action at law, suit in equity,
        or other proper proceeding for redress.

12    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

14    Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

15    person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

16    1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

17    an act which he is legally required to do that causes the deprivation of which complaint is made."

18    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19    **II.  Analysis**

20    **A.  Allegations of the Complaint**

21    Plaintiff is an inmate at Mule Creek State Prison ("MCSP").  He identifies four defendants:

22    (1) Dr. Vasuki Daram; (2) I. Bal, Chief Medical Executive, MCSP; (3) M. Williams, Associate

23    Warden of Health Care, MCSP; and (4) T. Patterson, Chief Executive Officer, MCSP.

24    Plaintiff alleges that he was prescribed a continuous positive airway pressure ("CPAP")

25    machine to treat his sleep apnea.  Sleep apnea causes him to stop breathing while sleeping.

26    Plaintiff also suffers from prostate cancer, for which he is currently being treated with

27    chemotherapy, and hypertension.

28    ////

Plaintiff alleges that on April 10, 2020, officials at MCSP removed the electrical cord plaintiff requires to run his CPAP machine.  Plaintiff was informed that MCSP officials had determined that the use of CPAP machines could contribute to the spread of the COVID-19 virus.  A couple days later, the MCSP warden issued a statement that inmates who require CPAP machines would be moved to single cells so that they could continue to use them.

Plaintiff requested he be permitted to continue to use his CPAP machine.  On May 6, plaintiff was interviewed by defendant Daram regarding his request.  Daram informed him that he met the criteria to continue to use the CPAP machine.  However, two days later, Daram informed plaintiff that a new policy specified that only inmates with congenital heart defects would be moved to single cells and permitted to use CPAP machines.  Plaintiff contends defendants Bal, Williams, and Patterson are responsible for the policy restricting CPAP use to inmates with congenital heart defects at MCSP.

Plaintiff purports to state claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), the Eighth Amendment, and the Fourteenth Amendment.  Plaintiff seeks damages and injunctive relief.

**B. Does Plaintiff State Cognizable Claims for Relief?**

Plaintiff states a cognizable claim under the Eighth Amendment that defendants have been deliberately indifferent to his serious medical needs.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  This court is unable to discern any claims, however, for a due process or other violation that would constitute a claim under the Fourteenth Amendment.

Plaintiff also fails to state claims under the ADA and RA.  To state a claim under the ADA, plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may

1    have an ADA claim against the public entity.").  In addition, "[t]o recover monetary damages

2    under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the

3    defendant."  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  The standard for

4    intentional discrimination is deliberate indifference, "which requires both knowledge that a harm

5    to a federally protected right is substantially likely, and a failure to act upon that likelihood."  Id.

6    at 1139.  The ADA plaintiff must both "identify 'specific reasonable' and 'necessary'

7    accommodations that the state failed to provide" and show that the defendant's failure to act was

8    "a result of conduct that is more than negligent, and involves an element of deliberateness."  Id. at

9    1140.

10        To establish a violation of section 504 of the RA, a plaintiff must show "(1) she is

11   handicapped within the meaning of the [RA]; (2) she is otherwise qualified for the benefit or

12   services sought; (3) she was denied the benefit or services solely by reason of her handicap; and

13   (4) the program providing the benefit or services receives federal financial assistance."  Lovell v.

14   Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  The elements of claims under the ADA and the

15   RA are functionally the same.  See Atcherley v. Hanna, No. 2:13-cv-0576 AC P, 2014 WL

16   2918852, at *7 (E.D. Cal. June 26, 2014).

17        Liberally construing plaintiff's complaint, he has sufficiently alleged he has a disability

18   because he claims his sleep apnea "substantially limits" a major life activity, sleeping.  See 42

19   U.S.C. § 12102(2)(A) (definition of a disability for purposes of the ADA).  However, plaintiff

20   does not allege facts showing he has been subjected to discrimination because of his sleep apnea.

21   Plaintiff's claim is best raised as an Eighth Amendment claim.  However, the court will permit

22   plaintiff an opportunity to amend his complaint if he wishes to attempt to state claims under the

23   ADA and RA.

24                                    **CONCLUSION**

25        This court finds above that plaintiff has stated a cognizable claim against all defendants for

26   deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  This

27   court further finds that plaintiff has failed to state claims under the ADA or RA.

28   ////

Plaintiff has a choice.  He may proceed on his Eighth Amendment claim or he may amend his complaint to attempt to also state claims under the ADA and RA.  Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff has stated a cognizable Eighth Amendment claim against all defendants.

4.  Plaintiff's claims under the ADA and RA are dismissed with leave to amend.

5.  Plaintiff may choose to proceed on his cognizable claim set out above or he may choose to amend his complaint.

a.  If plaintiff chooses to proceed on his current Eighth Amendment claim, he shall so notify the court within thirty days.  The court will then order service of the complaint on all defendants and will recommend dismissal of plaintiff's remaining claims.

b.  If plaintiff chooses to amend his complaint, within sixty days from the date of service of this order he may filed an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this

7

1    case and must be labeled "First Amended Complaint."  Plaintiff's failure to file an

2    amended complaint within the time provided, or otherwise respond to this order, will

3    result in the case proceeding on plaintiff's Eighth Amendment claim.  The court will then

4    recommend dismissal of plaintiff's remaining claims.

5        6.  The Clerk of the Court is directed to add defendants I. Bal, M. Williams, and T.

6    Patterson to the docket and to send plaintiff a copy of the prisoner complaint form used in

7    this district.

8    Dated:  July 31, 2020

9

10

11    DEBORAH BARNES
      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20    DLB:9
      DLB1/prisoner-civil rights/cox1295.scrn LTA or proceed

21

22

23

24

25

26

27

28