UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE COX, Jr., | No. 2:20-cv-01295-KJM-DB P |
| Plaintiff, | |
| v. | ORDER |
| VASUKI DARAM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff moves to supplement his first amended complaint. In an order filed March 3, 2021, this court construed plaintiff's filing as a motion to file a second amended complaint and ordered defendants to respond to plaintiff's motion. Defendants responded that they have no opposition to plaintiff's motion. Therefore, this court will grant plaintiff's motion and permit plaintiff to file a second amended complaint. After that second amended complaint is filed, this court will screen it and, if plaintiff states claims cognizable under 42 U.S.C. § 1983, order an answer from defendants.

Plaintiff is reminded of the following standards for filing an amended complaint. In an amended complaint he must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations

1    must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is
2    presenting.  That said, plaintiff need not provide every detailed fact in support of the claims.
3    Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).
4          Any amended complaint must show the federal court has jurisdiction, the action is brought
5    in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must
6    contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
7    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
8    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation
9    of a constitutional right if he does an act, participates in another's act or omits to perform an act
10   he is legally required to do that causes the alleged deprivation).  "Vague and conclusory
11   allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of
12   Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).
13         In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
14   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
15   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
16   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).
17         The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d
18   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
19   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
20   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be
21   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema
22   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,
23   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.
24         An amended complaint must be complete in itself without reference to any prior pleading.
25   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.
26   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has
27   evidentiary support for his allegations, and for violation of this rule the court may impose
28   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 32), construed as a motion to file a second amended complaint, is granted. Within 30 days of the filed date of this order, plaintiff shall file a second amended complaint.

2. The Clerk of the Court shall provide plaintiff with a copy of the form for a civil rights complaint by a prisoner along with the copy of this order.

Dated:  April 1, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/cox1295.mta granted

3