UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST LEE COX, Jr.,

Plaintiff,

v.

VASUKI DARAM, et al.,

Defendants.

No. 2:20-cv-1295 KJM DB P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's second amended complaint for screening and request for a preliminary injunction. For the reasons set forth below, this court finds plaintiff has stated cognizable claims under the Eighth Amendment, under the Americans with Disabilities Act, and under the Rehabilitation Act. Defendants will be ordered to respond to both the second amended complaint and plaintiff's renewed request for a preliminary injunction.

**BACKGROUND**

In an order filed November 16, 2020, this court found plaintiff's first amended complaint stated claims for relief for violations of the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA") against defendants Daram, Bal, Williams, and Patterson. (ECF No. 19.) Plaintiff then moved to amend his first amended complaint.

////

1

Defendants did not object to that motion and the court granted it.  (See ECF No. 37.)  Plaintiff filed a second amended complaint on April 16, 2021.  (ECF No. 38.)

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983.  28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights.  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

**A. Allegations of the Second Amended Complaint**

Plaintiff is an inmate at Mule Creek State Prison ("MCSP").  He identifies four defendants: (1) Dr. Vasuki Daram; (2) I. Bal, Chief Medical Executive, MCSP; (3) M. Williams, Associate Warden of Health Care, MCSP; and (4) T. Patterson, Chief Executive Officer, MCSP.

Plaintiff alleges that he suffers from the following serious medical conditions:  (1) prostate cancer, for which he is receiving chemotherapy; (2) hypertension, for which he is prescribed medication; and (3) sleep apnea, for which he is prescribed a continuous positive airway pressure ("CPAP") machine.  Plaintiff alleges that the first two conditions, and their treatments, render him immunocompromised and that all three conditions put him at greater risk for serious complications if he contracts COVID-19.  He further alleges that all three conditions qualify as disabilities under the ADA and the RA.

Plaintiff alleges that in the Spring of 2020, MCSP officials determined that the use of CPAP machines could contribute to the spread of the COVID-19 virus.  A couple days later, the MCSP warden issued a statement that inmates who require CPAP machines would be moved to single

cells so that they could continue to use them. Plaintiff contends defendants Bal, Williams, and Patterson are responsible for the deprivation of his CPAP machine and for a policy restricting CPAP use, and thus single cells, to inmates with congenital heart defects. Plaintiff further alleges that when he requested a single cell so that he could continue to use his CPAP machine, defendant Daram denied that request.

Plaintiff also alleges that defendants Bal, Williams, and Patterson were responsible for a policy at MCSP of housing inmates who had tested positive for COVID-19 with inmates who had tested negative, including plaintiff. Plaintiff contends defendants Bal, Williams, and Patterson were aware he is immunocompromised and therefore vulnerable to contracting COVID-19. Plaintiff further alleges that defendant Daram refused to order that plaintiff be single-celled even though she was aware of his immunocompromised status.

Plaintiff contends that as a result of the loss of the CPAP machine, he has breathing difficulties and does not sleep "normally." In January 2021, plaintiff contracted COVID-19 and for a month suffered "difficulty breathing, pain from headaches, a runny nose, loss of strength, powerful sneezing, coughing, memory and concentration loss."

Plaintiff seeks a preliminary injunction requiring defendants to allow him to use a CPAP machine. He also seeks compensatory and punitive damages

**B. Does Plaintiff State Cognizable Claims for Relief?**

This court again finds that plaintiff has stated cognizable claims under the Eighth Amendment that defendants have been deliberately indifferent to his serious medical needs by refusing to permit him to use his CPAP machine and by housing him with inmates who tested positive for COVID-19. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). In addition, plaintiff has again stated cognizable claims against all defendants under the ADA and RA. See McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). This court will order defendants to respond to the second amended complaint.

////
////
////

For the foregoing reasons, IT IS HEREBY ORDERED that within thirty days of the filed date of this order, defendants shall file an answer or other responsive pleading to the second amended complaint. That pleading shall include a response to plaintiff's request for a preliminary injunction.

Dated: April 29, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/s/cox1295.SAC scrn